**R. D. ROBERTSON et al., Appellants,**

v.

**Richard L. BLAND et ux., Appellees.**

**No. 16367.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 18, 1974.

Rehearing Denied Jan. 16, 1975.

of law the failure of a corporate officer to affix his corporate capacity to his signature on a contract does not make it a contract of the individual officer where the contract on its face is a contract of the corporation and the other parties have notice of his relation to the corporation.

At the top of the contract in question appeared:

"CONTRACT AND AGREEMENT
I/We the owner(s) of the premises described below, called Owners, hereby contract with

PEACHTREE BUILDERS, INC.
11505 Chimney Rock—Suite 4
Houston, Texas 77035

PA 9–9932

called contractor, and agree and authorize you to furnish all necessary labor and materials to install . . ."

The letters in "Peachtree Builders, Inc." at the top of the contract are approximately one-fourth of an inch high. The letters in "Contract and Agreement" are slightly smaller and the rest of the lettering is considerably smaller.

In the spaces for signature, R. D. Robertson signed his name on a line above the word "Contractor". "Peachtree Builders, Inc." does not appear immediately above or below his signature, nor does any other indication that he signed as agent for the corporation.

The trial judge made these findings of fact:

"1. That Plaintiffs, Richard L. Bland and Rita Bland, signed a contract for the remodeling of their residence for the consideration of $25,000.00, which contract named Peachtree Builders, Inc. as contractor, but was signed by R. D. Robertson individually.

"2. That Plaintiffs at the time of signing the contract and subsequently

Tita, Lackshin & Nathan, Herbert N. Lackshin, Houston, for appellants.

Dunn & Roberts, Rokki Ford Roberts, Bellaire, for appellees.

PEDEN, Justice.

Suit on a contract to remodel a residence. Appeal from the granting of judgment in favor of its owners against R. D. Robertson individually and Peachtree Builders, Inc.

The appellants' first point of error is that the trial court erred in its third conclusion of law, which was that R. D. Robertson incurred joint and several liability with Defendant Peachtree Builders, Inc. by virtue of his representations to Plaintiffs and as a consequence of his failure to disclose his intent to the Plaintiffs to sign the contract only as a representative of the corporation; the appellant says this conclusion was erroneous because as a matter

throughout the work done thereunder believed and felt they were dealing with R. D. Robertson.

"3. That Defendants initiated performance under the contract, and Plaintiffs paid Defendants a consideration of $22,500.00.

"4. That Plaintiffs were at all times prepared to perform under the terms and conditions of the subject contract.

"5. That Defendants wholly failed to complete their contractual obligations to Plaintiffs, by failure to complete the remodeling of Plaintiffs' home as called for, leaving Plaintiffs' home in a state of disrepair.

"5a. That Defendant R. D. Robertson, both individually and as President and majority owner of Defendant Peachtree Builders, Inc., so failed and refused to complete said job through no fault of Plaintiffs.

"6. That Plaintiffs were reasonably required to expend $17,500.00 to complete the contract breached by Defendants."

The trial judge made these conclusions of law:

"1. This Court has jurisdiction of the parties and the subject matter of this action.

"2. Plaintiffs and Defendants entered into a valid contract for the remodeling of Plaintiffs' home.

"3. Defendant R. D. Robertson incurred joint and several liability with Defendant Peachtree Builders, Inc. by virtue of his representations to Plaintiffs and as a consequence of his failure to disclose his intent to the Plaintiffs to sign the contract only as a representative of the corporation.

"4. The Defendant R. D. Robertson left it ambiguous on the face of the contract whether he signed it individually or in his representative capacity and the construction most against R. D. Robertson, the person signing the contract, should prevail."

■ We sustain the appellant's first point.

"It is . . . the rule that where, in the body of the contract, it purports to be a contract of the corporation, the signature of the name of the officer with or without an affix designating his representative capacity does not render it his personal contract." 19 Am.Jur.2d 752, Corporations § 1346.

"As long as a corporate contract is signed by the necessary or proper officers or agents, in the absence of a statutory, charter, or by-law provision to the contrary, no particular form of signature is required, provided it is apparent that it is the corporation's contract and not the individual undertaking of its agent." 19 C.J.S. Corporations § 1138, pp. 707–708.

In conclusion of law number 4 the trial court held that the contract was ambiguous as to whether R. D. Robertson signed it individually or in his representative capacity. We do not agree that it was ambiguous but have considered a point of error based on that holding.

Appellants' second point of error is that the trial court's finding of fact that the contract was executed by R. D. Robertson individually was against the great weight and preponderance of the evidence. This point is directed at the first finding of fact. We have noticed that the signature line for the contractor bore the signature of R. D. Robertson, that the word "Contractor" appeared beneath the line and that "Peachtree Builders, Inc." did not appear just above or just below the signature.

Having considered the contract ambiguous as to the capacity in which Robertson signed the contract, the trial court admitted evidence as to the agreement and understanding of the parties.

"The intention of the parties, which should be ascertained from all the facts and circumstances of the particular case, governs as to whether a party to a contract binds himself personally thereon or whether he is free from personal liability because he is acting only in a representative capacity. While the parties may choose to deal with each other as principals even though one of them is, in fact, acting in a representative capacity, where it appears from all the facts and circumstances that the parties understood that one of them was acting only in a representative capacity and was not to be personally bound by the contract, ordinarily such intention will be given effect.

"One who contracts in a representative capacity is not individually liable where, from the manner in which the instrument is executed, or from the nature of the instrument, it appears that it is the obligation of the person or legal entity represented and that such person or legal entity is the contracting party, but, in general, the rule is otherwise where the contract is executed in his name as a party. Where a party fails to disclose to the opposite party that he is acting only in a representative capacity and actually leads the opposite party to believe that he is acting in his individual capacity, he is personally liable." 17A C.J.S. Contracts § 347, p. 340.

■ Appellants' second point is a great weight point, so we have considered all the evidence and will review that which tends to show whom the parties intended the contract to bind.

■ On the same day the contract was executed, plaintiff Richard Bland gave R. D. Robertson a check for $2,500 payable to Peachtree Builders, Inc. in keeping with the contract's provision that there would be a $2,500 draw at contract signing. All checks later given by Mr. Bland to Mr. Robertson under the contract were either made payable to Peachtree Builders, Inc. or to Peachtree Builders, not to R. D. Robertson. Each bore an endorsement of the company name and the signature of R. D. Robertson.

Also in evidence was a copy of an estimate or proposal which Mr. Robertson testified was the one he had presented to Mr. Bland two weeks to a month before the contract was signed. It was headed "Peachtree Builders, Inc." and was signed "R. D. Robertson, President." The Blands did not dispute Mr. Robertson's testimony as to this exhibit.

Mrs. Bland testified on cross-examination that the man who drew the plans for the work on their house had introduced Mr. Robertson to them as a contractor and he gave them an estimate for doing this work.

"Q. Did you in any way check out Peachtree Builders before you elected to use this corporation?

"A. Yes. We called the Better Business Bureau, and they did not give us any adverse comment about Mr. Robertson."

Mr. Bland testified that he is manager of a W. Bell Co. store. He said on cross-examination that Mr. Robertson was brought to his house by Mr. Hudson (the designer) and introduced as a contractor and that they began two or three months of negotiations for the remodeling job. He related that he prepared the checks and made some of them out to Peachtree Builders, Inc., and others to Peachtree Builders, at Mr. Robertson's request.

Mr. Bland said that when he signed the contract he was not aware that Mr. Robertson was president of Peachtree Builders, Inc. He did notice that the company name appeared at the top of the contract.

Appellant Robertson testified to his conclusion that it was Peachtree Builders' contract that he signed.

We also sustain the appellants' second point of error. We hold that the trial court's finding that Robertson signed the contract individually was contrary to the great weight of the evidence. Robertson's undisputed testimony shows that the bid or proposal gave notice to the Blands from two weeks to four weeks before execution of the contract that he was bidding on the job for Peachtree Builders, Inc. as its president, not individually.

We also consider important the fact that the check given when the contract was executed was made payable to the corporation.

We are aware of the rule stated in 13 Tex.Jur.2d 286, Contracts § 121, that in case of reasonable doubt as to which of two constructions of a contract best accords with the intent of the parties, that construction should prevail which is least favorable to the party who prepared the instrument. However, we do not apply that rule because we consider that the evidence as to the parties' intent was not sufficiently doubtful to invoke it.

We also sustain appellants' fourth point of error, which complains of the trial court's holding Robertson and the corporation jointly and severally liable, because there is no evidence that Robertson had pledged his own responsibility in addition to that of Peachtree Builders, Inc. or that Robertson had personally guaranteed performance by the corporation.

Having decided that the judgment against R. D. Robertson must be reversed and rendered, we need not pass on appellants' third point since it is directed to a finding that the appellees paid Robertson $22,500.

Appellants' last two points of error assert that the trial court erred in finding that the plaintiffs (appellees) were reasonably required to spend $17,500 to complete the contract breached by the defendants. We overrule these points because they are multifarious.

The judgment of the trial court as to Peachtree Builders, Inc., is affirmed; as to R. D. Robertson it is reversed and rendered.