**Arland WARD, Appellant,**

v.

**PROPERTY TAX VALUATION, INC., Appellee.**

No. 05–92–00426–CV.

Court of Appeals of Texas, Dallas.

Dec. 17, 1992.

Rehearing Denied Jan. 29, 1993.

tion of its judgment holding Ward individually liable and remand the cause for new trial.

## FACTUAL AND PROCEDURAL HISTORY

Ward is the independent executor of the Estate of Henry H. Kyle. PTV is in the business of assisting owners and managers of real property in ad valorem tax assessment appeals. On May 30, 1990, Ward, as independent executor, executed a written agreement with PTV. Pursuant to that agreement, PTV agreed to represent the estate, as owner of certain real property, in real estate assessment appeals for the year 1990. The agreement specifically defined "owner" as the "Estate of Henry H. Kyle" and provided that "owner agrees to pay" for PTV's services. Ward signed the agreement "Arland Ward Ind. Ex."

In April 1991, PTV filed suit against Ward, individually and as independent executor, for fees owed under the contract. PTV then moved for summary judgment. The trial court granted PTV's motion against Ward, individually and as independent executor, and denied Ward's motion for new trial.

## SUMMARY JUDGMENT

Summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to judgment as a matter of law. TEX. R.CIV.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 413 (Tex.1989). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party its right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). To prevail on a summary judgment, a plaintiff must conclusively prove all of the elements of the cause of action as a matter of law. TEX.R.CIV.P. 166a; *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972).

Susan J. Sandidge, Dallas, for appellant.

Luke Madole, Dallas, for appellee.

Before BAKER, THOMAS, and KINKEADE.

## OPINION

KINKEADE, Justice.

Arland Ward appeals a summary judgment rendered in favor of Property Tax Valuation, Inc. (PTV). In his sole point of error, Ward argues that the trial court erred in rendering summary judgment against him because there was no evidence establishing his individual liability to PTV. Because the trial court erred in rendering summary judgment, we reverse that por-

## Individual Capacity

In his sole point of error, Ward contends that the trial court erred in granting PTV's motion for summary judgment against him individually. Ward argues that there was no summary judgment evidence that he, individually, was liable to PTV.

PTV argues that Ward is individually liable because, as a matter of law, an independent executor is personally liable under a contract for services to the estate unless the contract contains an express stipulation that the service provider must look only to the estate for payment. *See Corpus Christi Bank & Trust v. Cross*, 586 S.W.2d 664, 669 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). In *Cross*, an accountant recovered payment for services rendered to an estate from a bank acting as temporary administrator for the estate. *Id.* at 669. The court held that, unless there was a contrary stipulation, a personal representative contracting with a third party for professional services for an estate did so in his individual capacity and was, therefore, subject to personal liability. *Id.*

PTV's reliance on *Cross* is misplaced. In *Cross*, it was unclear in what capacity the bank executed the agreement. Thus, the bank was individually liable. In this case, the agreement clearly shows that PTV can look only to the estate for payment. The first line of the agreement lists the property owner as "Estate of Henry H. Kyle." The first paragraph states:

> The above referenced owner ("Owner"), having entered into an agreement with Property Tax Valuation, Inc. ("PTV") to represent Owner in connection with any and all real estate assessment appeal(s) for the year 1990 to the appropriate governing authority and/or court of law with respect to the property(ies) listed above, agrees to pay PTV an amount equal to 40 percent of the amount of tax savings resulting from such appeal(s).

Ward included the words "Ind.Ex." next to his signature at the bottom of the agreement.

This case is analogous to the situation where an agent acts on behalf of a principal. A personal representative acts as an agent for the estate when contracting for anything necessary for the administration of the estate. *Id.* An agent is personally liable on a contract he signs if he does not disclose the fact and intent of his agency. *Southwest Bell Media, Inc. v. Trepper*, 784 S.W.2d 68, 71 (Tex.App.—Dallas 1989, no writ); *Bayoud v. Shank, Irwin & Conant*, 774 S.W.2d 22, 24 (Tex.App.—Dallas 1989, no writ). A court can determine, as a matter of law, the existence of an agency relationship from an agreement between the parties. *Ross v. Texas One Partnership*, 796 S.W.2d 206, 209–10 (Tex. App.—Dallas 1990), *writ denied per curiam*, 806 S.W.2d 222 (Tex.1991); *Mercedes–Benz of N.Am. v. Dickenson*, 720 S.W.2d 844, 858 (Tex.App.—Fort Worth 1986, no writ). For example, where it is apparent from the entire contract that an officer of a corporation signed the contract on behalf of the corporation as an agent of the corporation, it is the corporation's contract. In such a case, the signing officer is not individually liable on the contract. *Robertson v. Bland*, 517 S.W.2d 676, 678 (Tex.Civ.App.—Houston [1st Dist.]1974, writ dism'd). Here, the four corners of the agreement clearly show, as a matter of law, that Ward signed as representative of the estate and that the estate alone would be liable for payment.

We are unable to find any authority imposing specific requirements for the form or substance of a stipulation contained in a service agreement with an estate as referred to in *Cross*. Black's Law Dictionary defines a stipulation as "a material condition, requirement, or article in an agreement." BLACK'S LAW DICTIONARY 1415 (6th ed. 1990). The agreement in this case states in the first paragraph that the "above referenced owner" agrees to pay for PTV's services, and the estate is defined in the portion of the agreement above this paragraph as that owner. Ward signed the agreement as independent executor. Therefore, the requirement in *Cross* that there be a stipulation before PTV can

look only to the estate for payment has been met.

Because PTV did not prove that it was entitled to judgment against Ward, individually, as a matter of law, the trial court erred by granting its motion for summary judgment against Ward, individually. We sustain Ward's point of error.

We reverse that portion of the trial court's judgment holding Ward individually liable. Because the denial of a motion for summary judgment is not an adjudication on the merits against PTV and because Ward did not file his own motion for summary judgment or otherwise seek affirmative relief that he is not liable as a matter of law, we remand the cause for new trial.