NO. 07-01-0363-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B


 

OCTOBER 11, 2001



______________________________




ROYCE L. WELLINGTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-435768; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and JOHNSON, JJ.

 Pending before the Court is a "Motion for Appeal of Conviction," filed by appellant
Royce L. Wellington, and a Clerk's Record as to Cause Number 2001-435,768 in the 140th
District Court of Lubbock County. We dismiss for want of jurisdiction.

 By his Motion for Appeal appellant sought the trial court's approval to appeal from
his conviction pursuant to a plea-bargained guilty plea for Aggravated Perjury. The
judgment was signed on June 1, 2001; sentence was imposed on June 1, 2001; no Motion
for New Trial was filed except to the extent appellant's Motion for Appeal could be
construed as an untimely Motion for New Trial; appellant's Motion for Appeal was filed on
August 28, 2001. In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(a). The notice of appeal must be filed within 30 days after the day sentence
is imposed or after the day the trial court enters an appealable order, unless a timely
motion for new trial is filed. TRAP 26.2(a). A motion for new trial may be filed by a
criminal defendant no later than 30 days after the date sentence is imposed in open court. 
TRAP 21.4(a). The time for filing a notice of appeal may be extended for 15 days under
certain circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be
extended, both a notice of appeal and a motion for extension of time which complies with
TRAP 10.5(b) must be filed within the 15 day period. TRAP 26.3; Olivo v. State, 918
S.W.2d 519, 523-25 (Tex.Crim.App. 1996). 

 An untimely-filed notice of appeal will not invoke the jurisdiction of the court of
appeals. See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). Thus, if an
appeal is not timely perfected, a court of appeals does not have jurisdiction to address the
merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v.
State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo v. State, 918 S.W.2d at 523-25.

 To the extent appellant's Motion for Appeal is a Motion for New Trial it was not
timely to extend the time for filing notice of appeal; to the extent appellant's Motion for
Appeal is a notice of appeal, it was not timely filed. A motion to extend time to file notice
of appeal was not filed. Accordingly, this court does not have jurisdiction over this
proceeding. Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523. 

 The matter is dismissed for want of jurisdiction. TRAP 39.8, 40.2, 43.2. 


 Phil Johnson

 Justice



Do not publish.



comparing current Rule 7 and former Rule 9 of the Texas Rules of Appellate
Procedure, it held that Rule 7 does not affect substantive rights of litigants. Upon Jerry's
death, title to Jerry's property, real and personal vested immediately in his devisees or
legatees per his lawful will or in accordance with the laws of descent and distribution,
subject to the payment of debts. See section 37, Texas Probate Code. Also, death of a
party may moot certain issues between the parties. Here, Jerry's death rendered any
question regarding the dissolution of the marriage moot.

 By our letter of March 29, 2006, counsel were notified that the cause and appellee's
motion to dismiss would be considered on Wednesday, April 19, 2006. Personal
representatives of the estates of decedents act as agents for the estate when contracting
for fees and anything necessary for administration of the estate. Ward v. Property Tax
Valuation, Inc., 847 S.W.2d 298, 299 (Tex.App.-Dallas 1992, pet. denied). Accordingly,
as in Murphy, this Court also seeks assurance that the representative of the estate of Jerry,
temporary or otherwise, has approved the continued prosecution of the appeal by Jerry's
trial counsel or otherwise. Within 15 days of the date of this order, appellant's counsel shall
provide this Court with documentation showing the authority of the representative of the
deceased and the counsel to continue the prosecution of the appeal.

 It is so ORDERED. 

 Per Curiam
1. The decree apportioned credit card debts among the parties and directed that each
party pay their attorney fees. Finding that no children were born of the marriage, no child
support orders were appropriate.