**AFFIRM in part; REVERSE in part; REMAND and Opinion Filed August 26, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-12-00112-CV

**MAJESTIC CAST, INC., Appellant**

**V.**

**MAJED KHALAF D/B/A PROCON PAVING AND CONSTRUCTION, INC., Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-06450-K**

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang-Miers, and Lewis
Opinion by Justice Lang-Miers

Majestic Cast, Inc. appeals the trial court's grant of summary judgment in favor of Majed

Khalaf on its claims for theft, conversion, breach of contract, and fraud. We affirm in part and

reverse in part.

### BACKGROUND

Majestic Cast entered into a contract with ProCon Paving and Construction, Inc., a Texas

corporation, for ProCon to provide various subcontractor services for the construction of a

Montessori school. Majestic Cast complained that it had difficulties with the contract almost

immediately. It alleged that ProCon did not pay bills for material and labor, it was not pleased

with the quality of the work, and materials ordered for the Montessori school project were used

at other construction sites. Majestic Cast terminated its contract with ProCon, leaving Majestic

Cast with numerous liens.

Majestic Cast filed suit for theft, conversion, breach of contract, and fraud against Khalaf, one of the two individuals who signed the contract on behalf of ProCon, alleging that Khalaf maintained a shell corporate entity in order to bill materials and work to the construction project while knowing he had no intention of making any payment on any of these items.

Khalaf filed a combined motion for traditional and no-evidence summary judgment, arguing that Majestic Cast must pierce ProCon's corporate veil in order to hold Khalaf individually liable, and that Majestic Cast failed to plead any specific theory for piercing the corporate veil, failed to assert a cause of action against ProCon, and failed to produce any evidence that would provide a basis for piercing the corporate veil. Khalaf also argued that he signed the contract as a representative of ProCon, not in his individual capacity, and was not individually liable on the breach of contract claim. The trial court granted the motion and ordered all of Majestic Cast's causes of action against Khalaf dismissed. This appeal followed.

In three issues, Majestic Cast complains that (1) the trial court abused its discretion by setting a hearing on Khalaf's motion for summary judgment within thirty days of trial while denying Majestic Cast additional time for discovery, (2) the trial court erred by granting Khalaf's traditional motion for summary judgment, and (3) the trial court erred by granting Khalaf's no-evidence motion for summary judgment.

### ISSUE ONE: ABUSE OF DISCRETION IN HEARING SUMMARY JUDGMENT MOTION

In its first issue, Majestic Cast argues that the trial court abused its discretion when it heard Khalaf's summary judgment motion less than thirty days before trial—ignoring the court's own pretrial order that dispositive motions would not be considered within thirty days of the trial date—while at the same time strictly enforcing the notice rules and deadlines regarding discovery requests. Majestic Cast has not cited the record to show it made this objection below. We have reviewed the record, and it shows that not only did Majestic Cast not object to the

hearing that was scheduled within thirty days of trial, it moved for a continuance of the hearing so that discovery could be completed. Majestic Cast did not object to the hearing on the basis now raised on appeal, and we conclude that it has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1.

### ISSUES TWO AND THREE: TRADITIONAL AND NO-EVIDENCE SUMMARY JUDGMENT

In its second and third issues, Majestic Cast contends that the trial court erred by granting Khalaf's combined traditional and no-evidence motion for summary judgment.

### Standard of Review

When a party files both a no-evidence and a traditional motion for summary judgment, we consider the no-evidence motion first. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). After an adequate time for discovery, the party without the burden of proof may move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id*. The burden then shifts to the nonmovant to produce more than a scintilla of summary judgment evidence that raises a genuine issue of material fact as to each essential element identified in the motion. *Id*. & cmt (1997); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). More than a scintilla of evidence exists if the evidence would allow reasonable and fair-minded people to reach the verdict under review. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

We review the trial court's decision to grant or deny a motion for summary judgment de novo. *Mid–Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007); *Beesley v. Hydrocarbon Separation, Inc.*, 358 S.W.3d 415, 418 (Tex. App.—Dallas 2012, no pet.). When, as here, the trial court's order granting summary judgment does not specify the basis for the

ruling, we will affirm the summary judgment if any of the theories presented to the trial court are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

We "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Timpte Indus.*, 286 S.W.3d at 310. We must take evidence favorable to the nonmovant as true and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994).

**Pleadings**

*Majestic Cast's Original Petition*

Majestic Cast sued "Majed Khalaf, d/b/a ProCon Paving and Construction, Inc." The original petition alleged that Majestic Cast and ProCon entered into a contract, which Khalaf signed. It alleged that ProCon failed to appear on the job, failed to meet deadlines, failed to pay employees, and failed to pay for supplies. Majestic Cast alleged that ProCon was a "shell corporate entity" that Khalaf used to bill materials and work and obtain credit without any intention of making payments on the debt. And it alleged claims against Khalaf for theft, conversion, breach of contract, and fraud.

*Khalaf's No-Evidence Motion for Summary Judgment*

Khalaf moved for no-evidence summary judgment on the grounds that (1) Majestic Cast had no evidence that would allow it to pierce the corporate veil of ProCon; (2) Majestic Cast had no evidence Khalaf used ProCon to perpetrate a fraud; and (3) Majestic Cast had no evidence ProCon was the alter ego of Khalaf.

–4–

*Majestic Cast's Response*

Majestic Cast generally responded that its causes of action address "the wrongful conduct of Khalaf not the corporate entity. Khalif is attempting to hide behind the corporate entity but the evidence is clear that he was the corporate entity and the two are one and the same." It responded that it was not attempting to pierce the corporate veil of ProCon, but, instead was seeking to "disregard the corporate fiction." It argued that it had pleaded that ProCon was an "empty shell being used by Khalaf to attempt to avoid liability (alter ego theory) and that Khalaf used the Corporate vehicle to attempt to obtain protection for a crime or to justify a wrong, effectively causing the legal disregard of the corporate fiction."

Majestic Cast referred to evidence attached to a previous response to a previous motion for summary judgment filed by Khalaf. That evidence included documents purporting to show that Khalaf was not an officer, director, or owner of ProCon when he signed the contract on behalf of ProCon. Majestic Cast argued that, as a result, Khalaf was not protected by the corporate entity for the breach of contract and fraud claims. It also referred to evidence that Khalaf used the corporate entity to perpetrate a fraud. That evidence was the affidavit of one of the employees on the construction site and a schedule of payments made by Majestic Cast. Throughout its response, Majestic Cast referred to the evidence it previously filed in response to Khalaf's earlier motion for summary judgment that the trial court denied.

### Analysis

We first address whether Khalaf moved for summary judgment on all claims alleged by Majestic Cast. We conclude that he did not.

*Claims for Theft, Conversion, and Fraud*

Majestic Cast's petition alleged that Khalaf "obtained funds from Majestic Cast, Inc. knowing at the time the funds were paid that he had no intention of performing the work for

which the funds were being paid, and that the corporation was in existence in name only." It alleged that Majestic Cast incurred losses "proximately caused by . . . Khalaf's theft of the initial payment on the contract and/or [his] conversion of said funds to his own personal use obtaining such funds through a material misrepresentation that he was representing a corporation able to fully complete the contractual obligations to which he agreed . . . ." It alleged that Khalaf took materials "sent to and billed to [the construction site] and used [those materials] at other work sites . . . and he could obtain payment from other job sites without having to pay for any of the materials used as they were fraudulently billed as being for use on the subcontract with Majestic Cast, Inc."

Majestic Cast also alleged that at the time the contract was signed, all the other members of ProCon had abandoned the "shell corporate entity" and "Khalaf had no authority to conduct operations on behalf of [ProCon] and in fact the corporate entity was virtually nonexistent by the time the contract was signed." Majestic Cast alleged that at the time Khalaf signed the contract, he "had no intent to complete the contract and signed it for the purpose of fraudulently obtaining money from Majestic Cast, Inc."

We construe these allegations to be claims against Khalaf individually regarding his own allegedly tortious or fraudulent acts. Khalaf's motion, however, argued only that Majestic Cast could not hold Khalaf individually liable on the contract through a piercing-the-corporate-veil theory, and did not address the claims against Khalaf individually for theft, conversion, and fraud except to the extent he argued that Majestic Cast was required to pierce the corporate veil to hold him liable on the contract. But a plaintiff is not required to pierce the corporate veil when it seeks to hold an agent individually liable for the agent's own tortious or fraudulent acts. *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) (corporation's agent is personally liable for his own fraudulent acts); *Sanchez v. Mulvaney*, 274 S.W.3d 708, 712 (Tex. App.—San Antonio 2008, no

–6–

pet.) (corporation's agent is personally liable for his own fraudulent or tortious acts, even when acting within the course and scope of his employment); *Cimarron Hydrocarbons Corp. v. Carpenter*, 143 S.W.3d 560, 564 (Tex. App.—Dallas 2004, pet. denied) (same).

We conclude that Khalaf's combined motion for summary judgment did not address Majestic Cast's claims for theft, conversion, and fraud. A trial court may not grant summary judgment on grounds not raised in the motion. *Timpte Indus.*, 286 S.W.3d at 310. Consequently, the trial court erred by granting summary judgment in favor of Khalaf on Majestic Cast's claims against him individually for theft, conversion, and fraud.

### *Claim for Breach of Contract*

Majestic Cast alleged a claim for breach of contract against Khalaf individually, and it argued that the court should disregard the corporate fiction on an alter ego theory to hold Khalaf individually liable. Khalaf moved for no-evidence summary judgment on the breach of contract claim arguing that Majestic Cast had no evidence that would allow it to pierce the corporate veil of ProCon and hold him individually liable. Khalaf alleged that the contract was between ProCon and Majestic Cast, that Khalaf signed the contract as a corporate representative of ProCon, and that he did not sign it in his individual capacity. Majestic Cast responded by arguing that the signature block of the contract between Majestic Cast and ProCon designated Khalaf as a "Partner" while listing ProCon as the "Service Provider." We interpret Majestic Cast's statement as a claim that Khalaf signed the contract not as a representative of ProCon, but as a partner along with ProCon, acting in his individual capacity.

To prevail on a breach of contract claim, one of the elements a plaintiff must prove is that there was a valid contract between the plaintiff and defendant. *Gold's Gym Franchising LLC v. Brewer*, 400 S.W.3d 156, 162 (Tex. App.—Dallas 2013, no pet.). Where it is apparent from the entire contract that an officer of a corporation signed the contract on behalf of the corporation as

an agent of the corporation, it is the corporation's contract. In such a case, the signing officer is not individually liable on the contract. *Ward v. Prop. Tax Valuation, Inc.*, 847 S.W.2d 298, 300 (Tex. App.—Dallas 1992, writ denied). Agency law is based on the same premise—when an agent contracts for a disclosed principal, the agent generally is not liable on the contracts he makes. *Whataburger, Inc. v. Rutherford*, 642 S.W.2d 30, 34 (Tex. App.—Dallas 1982, no writ); *Mediacomp, Inc. v. Capital Cities Commc'n, Inc.*, 698 S.W.2d 207, 211 (Tex. App.—Houston [1st Dist.] 1985, no writ).

We must review the evidence to determine whether Majestic Cast produced more than a scintilla of evidence showing that Khalaf signed the contract in his individual capacity so that Majestic Cast may hold Khalaf individually liable on the contract. *See* TEX. R. CIV. P. 166a(i); *see also McClellan v. Scardello Ford, Inc.*, 619 S.W.2d 593, 596 (Tex. Civ. App.—Amarillo 1981, no writ) (stating it is a general rule that a right or duty created wholly by contract can only be enforced between the contracting parties or their privies).

We first review the contract itself. The contract states that ProCon and Majestic Cast are parties to the contract. The first line of the contract states that it is between "Majestic Cast, Inc." and "ProCon Paving and Construction, Inc." Under a section entitled "Description of Services," the contract states "ProCon will provide to Majestic Cast" specific services described elsewhere in the document. In exchange for these services, the contract requires Majestic Cast to pay ProCon. Khalaf is not mentioned as a party anywhere in the contract.

Majestic Cast argues that the signature block of the contract indicates that the two individuals that signed for ProCon were "acting as partners" along with ProCon. The signature block at the end of the contract has two signature lines. The first signature line is for "Service Recipient: Majestic Cast, Inc." Under that signature line, the name "Sammy Jibrin" is typed, and Jibrin is described as a "Company Rep." The next signature line is for "Service Provider:

ProCon Paving and Construction, Inc." "Majid Khalaf" and "Iyad Albelbaisi" are listed as signers for ProCon.[1] They are described in the signature block as "Partner[s]." It is undisputed that Khalaf signed the contract.

As evidence, Majestic Cast submitted numerous filings from the office of the Texas Secretary of State, including ProCon's certificate of formation, previous tax franchise reports, and various certificates of amendments that purportedly showed Khalaf "was not a director, officer, or member of [ProCon] when he signed the contract made the basis of this suit, and had no authority to sign on behalf of [ProCon]." It argued that Khalaf signed as a "Partner" and signed the contract in his individual capacity. Majestic Cast also submitted the affidavit of Jose Luis Recio, a contractor hired by ProCon for several jobs, including Majestic Cast's construction project. Majestic Cast alleged that Recio was "personally aware that [Khalaf] was hired to do work on the school construction project"; it further alleged that Recio's affidavit indicated that Majestic Cast hired Khalaf directly, not ProCon.

But Majestic Cast has provided no case law, and we are aware of none, stating that only individuals listed on filings with the secretary of state can act as agents or representatives for Texas corporations and sign contracts as representatives of Texas corporations. And the fact that the signature block on the contract listed Khalaf as a "Partner" does not raise a fact issue regarding whether Khalaf is individually liable for breach of contract. The first line of the contract states it is between Majestic Cast and ProCon, the contract only sets out the responsibility of these two parties, and nothing in the contract otherwise indicates that any other party would be bound by it. *See Ward*, 847 S.W.2d at 300 (signing officer not individually liable on contract where it is apparent from the entire contract officer signed as agent of corporation). Finally, Recio's affidavit does not raise a fact issue regarding whether Khalaf is individually

[1] Both names were spelled incorrectly on the contract. Majestic Cast did not bring suit against the other individual that signed for ProCon.

liable for breach of contract because his affidavit states that Khalaf "was hired to do the work" and that he [Recio] "was hired as a contractor to work for Pro Con Paving and Construction, Inc., specifically by the owner Majed [Khalaf.]" The affidavit does not address the capacity in which Khalaf signed the contract with Majestic Cast.

For these same reasons, we conclude that Majestic Cast's summary judgment evidence did not raise a fact issue on any theory alleged for disregarding the corporate fiction. *See Sanchez*, 274 S.W.3d at 712 (discussing summary judgment burden to raise fact issue on piercing corporate veil); *Harco Energy, Inc. v. Re-Entry People, Inc.*, 23 S.W.3d 389, 393 (Tex. App.—Amarillo 2000, no pet.) (same).

In summary, Majestic Cast's summary judgment evidence did not raise a genuine issue of material fact that Khalaf was individually liable for breach of contract. *See Gold's Gym Franchising LLC*, 400 S.W.3d at 162 (concluding party could not breach contract to which it was not a party). Consequently, the trial court did not err by granting Khalaf's motion for summary judgment on the breach of contract claim. Because of our resolution of these issues, we do not need to consider whether the trial court erred by granting Khalaf's traditional motion for summary judgment.

## CONCLUSION

We reverse the trial court's summary judgment on Majestic Cast's claims for theft, conversion, and fraud against Khalaf in his individual capacity. We otherwise affirm the trial court's summary judgment and remand the case for further proceedings.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

120112F.P05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAJESTIC CAST, INC., Appellant

No. 05-12-00112-CV          V.

MAJED KHALAF D/B/A PROCON
PAVING AND CONSTRUCTION, INC.,
Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-06450-K.
Opinion delivered by Justice Lang-Miers,
Justices FitzGerald and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED** in part and **REVERSED** in part.

We **REVERSE** that portion of the trial court's judgment granting Appellee's Majed
Khalaf d/b/a ProCon Paving and Construction, Inc.'s motion for summary judgment on appellant
Majestic Cast, Inc.'s claims for theft, conversion, and fraud against appellee Majed Khalaf in his
individual capacity.

In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause
to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bears its own costs of appeal.

Judgment entered this 26th day of August, 2013.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE