**REVERSE, REMAND, and AFFIRM; Opinion Filed April 22, 2013.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-00699-CV

**GOLD'S GYM FRANCHISING LLC, Appellant**

**V.**

**JERRY T. BREWER & THE JERRY AND KAY BREWER REVOCABLE TRUST,**
**Appellees**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-07141**

## OPINION

Before Justices Bridges, Lang, and Richter[1]
Opinion by Justice Richter

Gold's Gym Franchising LLC ("Gold's Gym") appeals the trial court's take-nothing summary judgment in favor of appellees Jerry T. Brewer ("Brewer") and the Jerry and Kay Brewer Revocable Trust (the "Trust"). In three issues, Gold's Gym contends the trial court erred by: (1) failing to find that its own affirmative defense of ratification precluded the grant of summary judgment; (2) granting summary judgment on appellees' affirmative defense of forgery; and (3) presumptively overruling its objections to appellees' summary judgment evidence. We reverse the trial court's judgment on the affirmative defense of forgery; in all other respects we affirm the trial court's summary judgment Order.

---

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

BACKGROUND

In 2005, Brewer, his son Chad Brewer ("Chad"), and Dennis Tan formed a corporation named GGNYC 2, Inc. Each of the three men owned one third of the stock in the corporation; Tan served as its president. Later that year, GGNYC 2, Inc. entered into a franchise agreement with Gold's Gym (the "2005 Franchise Agreement"), whereby GGNYC 2, Inc. agreed to develop and operate a Gold's Gym in New York City. Tan signed the 2005 Franchise Agreement as president of the franchisee, which was identified as GGNYC 2, Inc.

Exhibit B to the 2005 Franchise Agreement was a document titled "Full Continuing Guaranty," in which guarantors agreed to be personally liable for any breach by the franchisee of the 2005 Franchise Agreement (the "2005 Guaranty"). The 2005 Guaranty bears signature lines for Brewer, Chad, and Tan, and each of the three names is signed on its signature line. Brewer contends, however, that his signature on the 2005 Guaranty was forged.

During the final days of 2007 and the beginning of 2008, Gold's Gym and GGNYC 2, Inc. entered into a new franchise agreement for the same gym (the "2008 Franchise Agreement"). The 2008 Franchise Agreement contained an agreement to terminate the 2005 Franchise Agreement, so that development and operation of the New York City Gold's Gym would be governed, going forward, by the 2008 Franchise Agreement. The 2008 Franchise Agreement again identified the franchisee as GGNYC 2, Inc.; the agreement was once again signed on behalf of GGNYC 2, Inc. by Tan, the corporation's president.

Exhibit B to the 2008 Franchise Agreement was a guaranty of personal liability for any breach of the 2008 Franchise Agreement by the franchisee (the "2008 Guaranty").[2] The 2008 Guaranty contained four signature lines, each bearing the name of one of GGNYC 2, Inc.'s

---

[2] The second guaranty was actually signed in December 2007, but to clarify that it applies to the 2008 Franchise Agreement, we refer to it as the 2008 Guaranty.

shareholders at that time: Tan, Chad, Max Pierre, and the Trust. Again, names are signed on each signature line; the name Jerry Brewer is signed as trustee for the Trust. Brewer contends he did not sign the 2008 Guaranty either for himself or for the Trust. He contends his name was forged on this document as well.

In May 2009, Gold's Gym terminated the 2008 Franchise Agreement, claiming a failure to comply with the terms of that agreement. Gold's Gym sued GGNYC 2, Inc., Tan, Pierre, Chad, Brewer, the Trust, and GGNYC Holdings, Inc.[3] Gold's Gym pleaded a number of claims against all defendants, namely: breach of the two franchise agreements, unjust enrichment, negligent misrepresentation, fraud in the inducement, fraud related to alleged forgery, and misappropriation of trade secrets. Gold's Gym pleaded claims for breach of the 2005 Guaranty against Brewer, Chad, and Tan. And it pleaded claims for breach of the 2008 Guaranty against Brewer, Chad, Tan, and Pierce.[4]

Brewer and the Trust answered the lawsuit together. Pursuant to rule 93 of the Texas Rules of Civil Procedure, Brewer included verified denials: (1) that he executed—either individually or on behalf of the Trust—any guaranty made the basis of Gold's Gym claims; (2) that he authorized—individually or on behalf of the Trust—anyone to execute those guaranties; and (3) that he is liable in his individual capacity. Brewer and the Trust also pleaded a number of affirmative defenses, including forgery with respect to the guaranties.

Gold's Gym pleaded its own affirmative defense to the forgery defense: it claimed that Brewer—individually and on behalf of the Trust—and Chad had ratified the franchise agreements.

---

[3] Gold's Gym contends GGNYC 2, Inc. was doing business as GGNYC Holdings, Inc. at the time of the execution of the 2008 Franchise Agreement.

[4] Gold's Gym has not appealed the trial court's summary judgment on its unjust enrichment and tort claims. Thus we will address only the claims placed at issue in this appeal: breach of the franchise agreements and breach of the guaranties.

# THE SUMMARY JUDGMENT MOTIONS

## *The First Motion*

Brewer and the Trust filed their Traditional Motion for Summary Judgment (the "First Motion"), contending they were entitled to judgment as a matter of law on the breach-of-guaranty claims against them. The movants' primary argument was that their signatures were forged on both guaranties. They offered summary judgment evidence to support their forgery argument, specifically affidavits from Brewer and forensic document examiner Robert G. Foley. (Both franchise agreements and both guaranties were also included in appellees' summary judgment evidence.) In his own affidavit, Brewer denied executing either guaranty or authorizing anyone else to execute either guaranty on his own behalf or on behalf of the Trust. Foley testified in his affidavit that he had compared the signatures on the 2008 Guaranty with other examples of Brewer's signature. He found "significant dissimilarities" between the signatures and ultimately concluded that the signer of the examples of Brewer's handwriting "was eliminated as the signer of [the 2008 Guaranty]." The movants also argued that when the parties terminated the 2005 Franchise Agreement they also terminated the 2005 Guaranty, because a guaranty cannot exist absent a primary obligation to be guaranteed.

## *The Second Motion*

Before the trial court ruled on the First Motion, Brewer and the Trust filed their Traditional and No Evidence Summary Judgment Motion (the "Second Motion"). The traditional portion of the motion sought summary judgment on the breach-of-franchise-agreement claims and on Gold's Gym's affirmative defense of ratification. As to the breach claims, the Second Motion posited that the franchise agreements themselves establish that GGNYC 2, Inc. is the franchisee, responsible for compliance with both the 2005 Franchise

Agreement and the 2008 Franchise Agreement. Neither Brewer nor the Trust was a party to the franchise agreements. Thus, neither could be liable for breach of those agreements.

As to Gold's Gym's ratification defense, the movants argued that one cannot ratify a contract if one is not a party to the contract. They also argued that one cannot ratify a contract without knowledge of its material terms, and Gold's Gym could not prove that the Trust had such knowledge of the 2008 Guaranty.

In the no-evidence portion of the Second Motion, Brewer and the Trust challenged the breach-of-franchise-agreement claims, contending Gold's Gym had no evidence: that a valid contract existed between it and Brewer or the Trust, that it had tendered performance, or that Brewer or the Trust had breached a franchise agreement.

And as to the ratification defense urged by Gold's Gym, Brewer and the Trust contended Gold's Gym had no evidence: that the Trust had approved the terms of the 2008 Guaranty, that the Trust had full knowledge of the terms of the 2008 Guaranty, or that the Trust had the intent to give validity to the 2008 Guaranty.

## STANDARD OF REVIEW

Appellees' two motions for summary judgment included traditional grounds and no-evidence grounds; we review both types of motion under well-settled standards. In a traditional motion, the party moving for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). A traditional movant has the burden of proving all essential elements of its cause of action or affirmative defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990). By contrast, when a party moves for summary judgment under rule 166a(i), asserting that no evidence exists as to one or

more elements of a claim on which the non-movant would have the burden of proof at trial, the burden is on the non-movant to present enough evidence to raise a genuine issue of material fact on each of the challenged elements. TEX. R. CIV. P. 166a(i); *Gen. Mills Rest., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832 (Tex. App.–Dallas 2000, no pet.). If the non-movant fails to do so, the trial judge must grant the motion. *Id.* With these rules in mind, we review the trial court's summary judgment decision de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## BREACH OF THE GUARANTIES

In its second issue, Gold's Gym contends the trial court erred in granting summary judgment on its beach-of-guaranty claims. To recover on each of its breach-of-guaranty claims, Gold's Gym had to prove (1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor. *Wiman v. Tomaszewicz*, 877 S.W.2d 1, 8 (Tex. App.—Dallas 1994, no writ). Brewer and the Trust filed a traditional motion for summary judgment on the guaranty claims. To prevail on this motion, they needed to negate at least one element of Gold's Gym's claim. The motion focused on the first element, the existence and ownership of the guaranty contract. *See id.*

### *Forgery*

Brewer and the Trust presented summary judgment evidence that no guaranty contract existed between them and Gold's Gym. In his affidavit, Brewer denied that he signed the 2005 Guaranty or the 2008 Guaranty or that he authorized anyone else to sign either guaranty on behalf of himself or the Trust. Brewer claimed that the signatures on both guaranties were forged. As summary judgment evidence, Brewer presented his own affidavit and the expert

testimony of Robert G. Foley, a forensic document examiner, to that effect. Foley testified that, in his opinion, the signature on the 2008 Guaranty was forged.

Gold's Gym's summary judgment evidence included the 2005 and 2008 Guaranties that bear Brewer's name, purportedly signed on behalf of himself on the 2005 document and for the Trust on the 2008 document. Gold's Gym also offered the expert testimony of a forensic document examiner, Linda James. James challenged the correctness of Foley's analysis. She also concluded the signature on the 2005 Guaranty was Brewer's, although her findings as to the 2008 Guaranty were inconclusive.

We conclude the summary judgment evidence raises a fact issue as to whether the signatures on both guaranties were authentic; Brewer and the Trust did not conclusively establish that the signatures were forged. Accordingly, we cannot affirm the summary judgment on the forgery ground.

*Termination of the 2005 Franchise Agreement*

Brewer and the Trust raised a second ground in their first motion as to the 2005 Guaranty. They contend that when the parties agreed to terminate the 2005 Franchise Agreement, they terminated the principal obligation which was guaranteed by the 2005 Guaranty. Thus, they argue, the parties effectively terminated the 2005 Guaranty as well. However, as Gold's Gym points out, the 2005 Guaranty included a provision that stated the 2005 Guaranty "shall apply to . . . any license or franchise agreements between the parties replacing the Agreement." Brewer and the Trust counter that a guarantor's obligations will not be extended beyond its terms. *See Beal Bank, SSB v. Biggers*, 227 S.W.3d 187, 192 (Tex. App.— Houston [1st Dist.] 2007, no pet.) ("A guarantor may require that the terms of his guaranty be followed strictly, and the guaranty agreement may not be extended beyond its precise terms by

construction or implication."). And here, the 2005 Guaranty states that it guarantees payment and performance of obligations pursuant to the "Agreement," which is defined to be the 2005 Franchise Agreement.

Although it is true that a guarantor will not be held to obligations beyond his agreement, we conclude that the 2005 Guaranty's provision concerning continued applicability was part of Brewer's agreement when he signed that document. The 2008 Franchise Agreement was a "franchise agreement between the parties replacing the [2005 Franchise] Agreement." Thus, on its face, the 2005 Guaranty applies to the 2008 Franchise Agreement. Brewer argues the guaranty must terminate when the principal obligation terminates, but the continued-applicability provision of the 2005 Guaranty expanded the scope of the principal obligation to the replacement franchise agreement. Brewer's summary judgment motion does not establish any legal basis for refusing to enforce this expanded scope to which Brewer agreed. We conclude Brewer and the Trust did not establish as a matter of law that the 2005 Guaranty terminated when the 2005 Franchise Agreement terminated.

We reverse the trial court's summary judgment on Gold's Gym's claims for breach of the two guaranties.

### RATIFICATION OF THE CONTRACTS

Gold's Gym pleaded that if in fact there had been a forgery of any of the contracts, then Brewer and the Trust had ratified the contracts by their conduct. Brewer and the Trust filed both no-evidence and traditional motions for summary judgment on this defense. "Whether a party has ratified a contract may be determined as a matter of law if the evidence is not controverted or is incontrovertible." *Missouri Pac. R. Co. v. Lely Dev. Corp.*, 86 S.W.3d 787, 793 (Tex. App.—Austin 2002, pet. dism'd).

-8-

*Ratification of the Franchise Agreements*

To prevail on a breach-of-contract claim, it must be proven that (1) a valid contract between plaintiff and defendant existed, (2) the plaintiff performed or tendered performance, (3) the defendant breached the contract, and (4) the plaintiff sustained damages as a result of the breach. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 150 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Brewer and the Trust's no-evidence motion challenged the first three elements as to both franchise agreements, requiring Gold's Gym to come forward with sufficient evidence to raise a material fact issue on each element. Our review of the record establishes that the motion succeeds on the first element: Gold's Gym produced no evidence that the franchise agreements were valid contracts between it and Brewer or the Trust. Indeed, the undisputed evidence in the summary judgment record established that Gold's Gym entered into the franchise agreements with GGNYC 2, Inc. as franchisee. Accordingly, neither Brewer nor the Trust could have breached either franchise agreement.

Similarly, there can be no ratification of a contract by one who is not a party to it unless the original contract purported to be in the name of, or for, the person alleged to have ratified it. *Huginnie v. Loyd*, 483 S.W.2d 696, 702 (Tex. Civ. App.—Tyler 1972, writ ref'd n.r.e.). Gold's Gym points to conduct by Brewer that was in compliance with contractual duties of the corporate franchisee. But those acts were no more than the acts of agents of the corporation. Corporations, by their nature, can function only through human agents. However, the agents' acts are the acts of the corporation. *See Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995). Gold's Gym has not pleaded or proved the ability to pierce the corporate veil in this case, so those agents' acts cannot be attributed to individual parties.

Gold's Gym has pleaded the franchise agreements make their respective guaranties a condition precedent for granting the franchise and provide that the guaranty is fully integrated into the franchise agreement. We do not disagree with these contentions. However, Gold's Gym argues this integration makes the guarantors actual parties to the franchise agreements, and we reject that conclusion. The guaranties and the franchise agreements are separate contracts between and among separate parties. Integration of the guaranty speaks to an obligation of the franchisee: it will not be awarded the franchise absent a satisfactory guaranty. It also serves to clarify, in case of later confusion, the agreement for which the guaranty takes financial responsibility. However, incorporating a guaranty into a franchise agreement cannot serve to make the guarantor a party to the franchise agreement. Gold's Gym cites no authority supporting such a transformation, and we have found none.

Gold's Gym did not produce any evidence indicating Brewer and the Trust were legally capable of ratifying the franchise agreements to which they were not parties. We conclude that Gold's Gym's argument that Brewer and the Trust have ratified the franchise agreements fails as a matter of law, and we affirm the trial court's grant of summary judgment on this ground.

*Ratification of the Guaranties*

Gold's Gym also argues that even if Brewer and the Trust were not initially parties to the 2005 Guaranty and the 2008 Guaranty, they ratified the guaranties by their conduct. Ratification occurs if a party recognizes the validity of a contract by acting or performing under the contract. *Lely Dev. Corp.*, 86 S.W.3d at 792. It is undisputed that any money paid to Gold's Gym through Brewer was paid on behalf of the franchisee, GGNYC 2, Inc. Indeed, Gold's Gym has asserted that when it attempted to collect on the guaranties from Brewer and the Trust, they refused to pay. Gold's Gym produced no evidence that appellees ratified the guaranties by performing

-10-

under them. Nor did Gold's Gym produce evidence that appellees knowingly remained silent about forgeries of the guaranties to their benefit and Gold's Gym's detriment. Instead, the summary judgment record indicates that when presented with a claim under the guaranty, appellees stated they had not signed the guaranty and refused to pay.

We conclude the trial court did not err in granting summary judgment on Gold Gym's defense of ratification of the guaranties.

### OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

In its third issue, Gold's Gym contends the trial court erred by impliedly overruling its objections to appellees' summary judgment evidence, specifically to the affidavits of Jerry Brewer and Robert G. Foley. Gold's Gym acknowledges it did not obtain rulings on its objections, but it argues its objections are to the substance of the affidavits. The failure to obtain rulings waives any objections to defects in the form of the affidavits; it does not waive objections to defects in the substance of the affidavits. *Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied). However, we need not determine whether Gold's Gym's objections are to form or substance, because both affidavits speak only to the appellees' defense of forgery. We have already concluded the trial court's summary judgment on the forgery defense must be reversed. Thus, we need not address objections and evidence that bear only on that issue.

### CONCLUSION

We reverse the trial court's judgment on the affirmative defense of forgery. Accordingly, we reverse the following conclusions in the trial court's summary judgment Order that related to the forgery judgment:

- **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' Motion is GRANTED in its entirety.
- **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff's breach of continuing guaranty claim (Count I – referring to the December 30,

-11-

2005 guaranty) asserted against Brewer and the Trust is dismissed in its entirety with prejudice.

- **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff's breach of continuing guaranty claim (Count II – referring to the December 31, [2007] guaranty) asserted against Brewer and the Trust is dismissed in its entirety with prejudice.
- **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff's request for attorney's fees and/or other requests for damages against Brewer and the Trust is denied in its entirety with prejudice.
- **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that a take nothing judgment is entered on all claims asserted by Plaintiff against Brewer and the Trust.

We remand Gold's Gym's claims for breach of the 2005 Guaranty and 2008 Guaranty to the trial court for further proceedings in accordance with this opinion. In all respects other than those listed above, we affirm the trial court's Order.

/Martin Richter/
MARTIN E. RICHTER
JUSTICE, ASSIGNED

110699F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GOLD'S GYM FRANCHISING, LLC,
Appellant

No. 05-11-00699-CV        V.

JERRY BREWER & THE JERRY & KAY
BREWER ROVOCABLE TRUST,
Appellees

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-07141.
Opinion delivered by Justice Richter.
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the Order of the trial court is **REVERSED** and **REMANDED** in part, and **AFFIRMED** in part.

The following conclusions in the trial court's Order are **REVERSED**:

- **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' Motion is GRANTED in its entirety.

- **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff's breach of continuing guaranty claim (Count I – referring to the December 30, 2005 guaranty) asserted against Brewer and the Trust is dismissed in its entirety with prejudice.

- **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff's breach of continuing guaranty claim (Count II – referring to the December 31, [2007] guaranty) asserted against Brewer and the Trust is dismissed in its entirety with prejudice.

- **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff's request for attorney's fees and/or other requests for damages against Brewer and the Trust is denied in its entirety with prejudice.

- **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that a take nothing judgment is entered on all claims asserted by Plaintiff against Brewer and the Trust.

We **REMAND** Gold's Gym Franchise, LLC's claims for breach of guaranty to the trial court for further proceedings consistent with this opinion.

In all respects other than those listed above, we **AFFIRM** the trial court's Order.

It is **ORDERED** that all parties bear their own costs of this appeal.

Judgment entered this 22nd day of April, 2013.

/Martin Richter/

MARTIN E. RICHTER
JUSTICE, ASSIGNED