

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00350-CV

WATERWAY RANCH, LLC AND
MICHAEL P. OLSON

APPELLANTS

V.

TEXAS BANK FINANCIAL F/K/A
THE BANK OF WEATHERFORD

APPELLEE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants appeal from the trial court's order granting summary judgment in favor of Appellees. We affirm.

---

[1]See Tex. R. App. P. 47.4.

## I. BACKGROUND

The facts relevant to this appeal are not disputed. On August 14, 2008, appellant Waterway Ranch, LLC executed a note promising to pay the principal amount of $1,950,000. The note was secured by a deed of trust covering real property located in Parker County and by guaranties signed by appellant Michael P. Olson, Denese Egger, Dr. Nadeem A. Khan, and Sidney J. Whitener (collectively, the guarantors). Each guaranty included a waiver of the right "to assert or claim at any time any deductions to the amount guaranteed under this Guaranty for any claim of setoff, counterclaim, counter demand, recoupment or similar right, whether such claim, demand[,] or right may be asserted by the Borrower, the Guarantor, or both."

Waterway Ranch defaulted on the note. Appellee Texas Bank Financial, the holder and beneficiary of the note, sold the real property that secured the note at a nonjudicial foreclosure sale for $720,000, which resulted in a deficiency of $782,208.64. Texas Bank filed suit against Waterway Ranch and the guarantors, seeking to recover the deficiency amount. Whitener and Egger filed general-denial answers; Waterway Ranch, Olson, and Khan generally denied Texas Bank's allegations and asserted their right to claim an offset against their liability for the deficiency based on the difference between the fair market value of the mortgage property at the time of the foreclosure and the foreclosure sales price. *See* Tex. Prop. Code Ann. § 51.003(c) (West 2007); Tex. R. Civ. P. 92.

2

On June 12, 2013, Texas Bank moved for summary judgment against the guarantors based on the express waiver language contained in each guaranty, which specifically waived any claim for an offset or any defense to Texas Bank's right to recover any post-foreclosure deficiency. *See* Tex. R. Civ. P. 166a(a), (c). Olson and Khan jointly responded to the summary-judgment motion and argued that their liability could not exceed Waterway Ranch's liability. On July 18, 2013, Texas Bank filed a notice of nonsuit as to Waterway Ranch and served the notice on the guarantors and Waterway Ranch. *See* Tex. R. Civ. P. 162. On August 1, 2013, the trial court granted summary judgment in Texas Bank's favor, holding that the guarantors were jointly indebted to Texas Bank for Waterway Ranch's debt under the terms of the guaranties. In its judgment, the trial court awarded Texas Bank the principal amount of $782,208.64 plus accrued interest, property taxes paid, costs, and attorneys' fees. The trial court sent notices of judgment to the guarantors and Waterway Ranch. *See* Tex. R. Civ. P. 306a(3).

Waterway Ranch and Olson appealed the judgment and now raise two issues: (1) the August 1, 2013 judgment was interlocutory and (2) because the waivers contained in the guaranties were unenforceable as violative of public policy, Olson's statutory right to an offset prevented judgment as a matter of law in favor of Texas Bank. Egger, Khan, and Whitener do not appeal from the trial court's judgment.

## II. DISCUSSION

### A. JURISDICTION

As we must, we first address whether we have jurisdiction over this attempted appeal. Waterway Ranch and Olson assert that the trial court's judgment was interlocutory because it (1) contained no language purporting to dispose of all parties and claims, (2) did not address Texas Bank's nonsuit of Waterway Ranch, (3) and did not address Waterway Ranch and Olson's request for an offset.[2]

Unless otherwise statutorily authorized, an appeal may be made only from a final judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, 51.014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). To be final, a judgment must dispose of all parties and issues in the lawsuit. *Lehmann*, 39 S.W.3d at 195; *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454 (Tex. 1982) (op. on reh'g). On appeal, the finality of a judgment is determined on its face by the language of the judgment. *Lehmann*, 39 S.W.3d at 195. Although it is generally presumed that all pleaded issues were disposed of by a judgment rendered after a conventional trial on the merits, this presumption does not apply to default or

---

[2]We pause to note that we cannot agree with Texas Bank's argument that Waterway Ranch and Olson, by filing a notice of appeal from the judgment, conceded that the judgment was final. Our jurisdiction cannot be conferred by a party's consent, agreement, or waiver. Our jurisdiction is based on the rules and statutes applicable to appeals and the deadlines provided therein. *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, 51.014 (West Supp. 2013); Tex. R. App. P. 25.1, 26.1, 26.3.

summary judgments. *See id.* at 199; *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex. 1986) (orig. proceeding); *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex. 1984); *N. E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966). Thus, we must determine whether Texas Bank's nonsuit of its claims against Waterway Ranch and the trial court's subsequent summary judgment conferred jurisdiction on this court.

A nonsuit is effective as soon as the plaintiff files a notice of nonsuit, and no court order is required. *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011). However, a nonsuit does not operate to extinguish the affected defendant's pending claim for affirmative relief. Tex. R. Civ. P. 162; *City of Dallas v. Albert*, 354 S.W.3d 368, 375 (Tex. 2011). However, to qualify as a claim for affirmative relief under rule 162, the claim must constitute a cause of action upon which the defendant can recover independent of the plaintiff's claim, even if the plaintiff abandons or is unable to establish its claims. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 101 (Tex. 2006). Waterway Ranch and Olson's alleged right of offset is an affirmative defense and not an independent claim for relief. *See* Tex. R. Civ. P. 94; *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 470 (Tex. 1995); *Martin v. PlainsCapital Bank*, 402 S.W.3d 805, 811 (Tex. App.—Dallas 2013, pet. filed). Thus, Texas Bank's claims against Waterway Ranch were dismissed when Texas Bank filed its notice of nonsuit.

The trial court's subsequent summary judgment disposed of all of Texas Bank's remaining claims, which were against the guarantors, and entered judgment as a matter of law in Texas Bank's favor. *See* Tex. R. Civ. P. 166a(a), (c). The trial court specifically referenced Texas Bank's nonsuit of its claims against Waterway Ranch in the judgment. Thus, the nonsuit disposed of Texas Bank's claims against Waterway Ranch, and the subsequent summary judgment disposed of Texas Bank's remaining claims against the guarantors. All issues and parties were finally disposed of in either the nonsuit or the judgment. "A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language." *Lehmann*, 39 S.W.3d at 200. In short, the subsequent judgment after Texas Bank's nonsuit that determined Texas Bank's remaining claims was final. *See id.* The lack of any "Mother Hubbard" language or other language purporting to make the judgment final did not render the judgment interlocutory. *See id.* Thus, the judgment was final and appealable, and we overrule Waterway Ranch and Olson's first issue.

### B. ENFORCEABILITY OF WAIVER

In the second issue, Olson[3] asserts that the offset waiver included in the guaranty is not enforceable as against public policy. Presumably, Olson is

---

[3]Although Waterway Ranch joins Olson in arguing this appellate issue, Waterway Ranch was not a guarantor subject to the challenged waiver. Further, Texas Bank nonsuited its claims against Waterway Ranch; thus, the summary judgment, which solely addressed the guarantors, did not apply to Texas Bank's claims against Waterway Ranch. Olson is the only appellant that was affected by

6

attacking the propriety of the summary judgment by asserting that Texas Bank failed to conclusively prove all essential elements of its claims against Olson based on the unenforceable waiver provision, which would entitle Olson to an offset.

### 1. Waiver

As argued by Texas Bank, Olson has waived any error in the summary judgment on the basis of the unenforceability of the waiver contained in the guaranty. In his summary-judgment response and at the summary-judgment hearing, Olson exclusively argued that summary judgment was inappropriate because his liability as a guarantor could not exceed the liability of Waterway Ranch as the principal debtor. *See* Tex. R. Civ. P. 31. He failed to assert that the waiver was unenforceable as against public policy. Because waiver applies to constitutional arguments, Olson waived his public-policy argument by failing to raise it to the trial court in the context of Texas Bank's motion for summary judgment. *See* Tex. R. App. P. 33.1(a); Tex. R. Civ. P. 166a(c); *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 92–93 (Tex. App.—San Antonio 2011, no pet.).

### 2. Propriety of Summary Judgment

Even if Olson had appropriately raised his claim in the trial court, we would conclude that the waiver was enforceable and that it did not violate public policy.

the trial court's summary judgment and, therefore, is the only appellant that can attack the summary judgment.

7

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Questions of law, as were presented to the trial court in this case, are appropriate matters for summary judgment. *See Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999).

To establish an action on a guaranty, Texas Bank had to show (1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform by the guarantor. *See Gold's Gym Franchising LLC v. Brewer*, 400 S.W.3d 156, 160 (Tex. App.—Dallas 2013, no pet.). It is important to note that Olson does not dispute that he personally guaranteed the note or that he failed to pay the amount Texas Bank alleged remained after Waterway Ranch's default and the property's foreclosure sale. Instead, he defends against Texas Bank's deficiency claim by asserting the right of offset under section 51.003 of the property code. Therefore, Olson conceded that Texas Bank met its summary-judgment burden to conclusively show there were no genuine issues as to any material fact on its claim to enforce the guaranty, causing the summary-judgment burden to shift to Olson to present to

8

the trial court any issue that would preclude summary judgment—here, the unenforceability of the waiver included in the guaranty. *See Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 50 (Tex. App.—Dallas 2006, pet. denied).

As Olson concedes, some appellate courts have held that an offset waiver contained in a guaranty is enforceable and does not violate public policy. *E.g.*, *LaSalle Bank Nat'l Ass'n v. Sleutel*, 289 F.3d 837, 839–42 (5th Cir. 2002); *Interstate 35/Chisam Rd., L.P. v. Moayedi*, 377 S.W.3d 791, 796–99 (Tex. App.—Dallas 2012, pet. granted); *Segal v. Emmes Capital, L.L.C.*, 155 S.W.3d 267, 279 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd). As did those courts, we conclude that the strong policy favoring freedom of contract and the legislature's repeated failure to prohibit waivers of section 51.003 show that the public policy of Texas does not prohibit waiver of section 51.003 rights. *E.g.*, *Moayedi*, 377 S.W.3d at 801.

Olson asserts, however, that because the supreme court has granted a petition for review in *Moayedi*, we should "reserve" our "decision on this matter until the Supreme Court of Texas rules." We conclude that such a delay in the determination of this appeal would not be appropriate. This is especially true given that the petition for review in *Moayedi* presents a different issue—whether a general waiver contained in a guaranty may be construed to include a waiver of section 51.003 rights. The waiver included in Olson's guaranty specifically waived the right to offset under section 51.003; the guaranty in *Moayedi* provided

9

that the guaranty "shall not be discharged, impaired or affected by . . . any defense . . ., each and every such defense being hereby waived by the undersigned Guarantor." *Id.* at 794. Thus, the petition for review does not raise the same issue and does not suggest that we should "reserve" our decision. We overrule issue two.

## III. CONCLUSION

Having overruled Waterway Ranch and Olson's first issue and Olson's second issue, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DELIVERED: April 10, 2014