**Reverse and Remand; Opinion Filed June 24, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00707-CV

### BARBARA W. MILLS, Appellant
### V.
### GRAHAM MORTGAGE CORPORATION, Appellee

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-02060**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Brown
Opinion by Justice Lang

Appellant Barbara W. Mills contends the trial court erred in rendering summary judgment in favor of appellee Graham Mortgage Corporation. Appellant raises two issues: (1) whether the trial court committed error in granting judgment for appellee in an amount over $1 million greater than the contractual amount proven by appellee and (2) whether the trial court erred in granting summary judgment for appellee since appellee failed to establish all the elements of its claim.

Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. For the reasons set forth below, we reverse the summary judgment and remand this case to the trial court for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2012, appellee filed suit against Santa Barbara Realty Services, LLC, Ron W. Mills, and appellant, seeking recovery on a $3.6 million promissory note (the "Note"), payable by Santa Barbara Realty, and two guaranty agreements, one signed by Ron W. Mills and another by appellant. The record reflects Ron W. Mills and appellant each executed and delivered to appellee a document titled "Unconditional Joint and Several Guaranty," wherein each guaranteed payment of all amounts due under the Note, up to $1.8 million each, "plus fees and costs relating to the Note."

On November 12, 2012, appellee filed a traditional motion for summary judgment on its claims. Prior to the hearing on the motion,[1] appellee and defendants Santa Barbara Realty and Ron W. Mills reached an agreement that was embodied in an "Agreed Interlocutory Judgment."[2] The January 10, 2013 order granting appellee's motion for summary judgment states:

> [Appellee] shall recover from [appellant] the unpaid principal balance of the Note, as described in the motion, plus accrued interest and charges . . . due and owing under the terms of the Note, as limited by the guaranty, in the amount of $2,852,778.09, with interest continuing to accrue at the rate of $885.25 per day . . . until the date of final judgment in this case.

The order further provided that appellee recover $8,682.50 as "reasonable attorneys' fees" from appellant.

---

[1] In its brief, appellee asserts Santa Barbara Realty and Ron W. Mills did not respond to its motion for summary judgment or appear at the hearing on the motion "based upon an agreed resolution" of the claims that was announced at the beginning of the hearing. The transcript of this hearing is not included in the record.

[2] The "Agreed Interlocutory Judgment" states it was signed on January 30, 2013, twenty days after the order granting appellee's motion for summary judgment is dated.

## II. LEGAL AUTHORITIES

*A. Standard of Review*

A trial court's grant of summary judgment is reviewed de novo. *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 831 (Tex. App.—Dallas 2014, no pet.) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). A traditional motion for summary judgment must show there is no genuine issue as to a specified material fact and the moving party is entitled to judgment as a matter of law. *Id.* (citing TEX. R. CIV. P. 166a(c)). "When a plaintiff moves for traditional summary judgment, it has the burden to conclusively establish all elements of its claim as a matter of law." *Affordable Motor Co., Inc. v. LNA, LLC*, 351 S.W.3d 515, 519 (Tex. App.—Dallas 2011, pet. denied) (citing TEX. R. CIV. P. 166a(c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam)). A matter is considered conclusively established "if ordinary minds cannot differ as to the conclusion to be drawn from the evidence." *Id.* Once the plaintiff satisfies its burden, the burden shifts to the defendant to present evidence raising a genuine issue of material fact to preclude summary judgment. *Id.* When deciding whether a disputed issue of material fact exists, we regard all evidence favorable to the non-movant as true, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id.*

*B. Breach of Guaranty Claims*

To recover on a guaranty, the lender must prove "(1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder [sic], (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor." *Gold's Gym Franchising LLC v. Brewer*, 400 S.W.3d 156, 160 (Tex.

App.—Dallas 2013, no pet.) (citing *Wiman v. Tomasewicz*, 877 S.W.2d 1, 8 (Tex. App.—Dallas 1994, no writ)).[3]

### III. APPLICATION OF THE LAW TO THE FACTS

Appellant raises two issues. First, appellant argues the trial court erred in granting judgment for appellee in an amount that was over $1 million greater than the maximum sum guaranteed of $1.8 million. Second, appellant contends the trial court erred in granting summary judgment because appellee had "failed to establish all elements of its claim."

Appellee contests both of appellant's issues. First, appellee responds that a reversal is not necessary since the trial court's judgment can be modified in accordance with appellee's statement in its brief that it agrees to voluntarily remit the judgment "to the principal amount" of $1.8 million. Next, appellee asserts that appellant's second issue should be interpreted to mean that appellee "failed to establish all of the conditions necessary for recover [sic] of a deficiency judgment." As to this second contention, appellee argues generally that, because it stated in its petition, "All conditions precedent to [appellee's] recovery in this action have occurred or been performed," and appellant failed to identify any conditions precedent that were not met as required by Rule of Civil Procedure 54, appellee was not required to prove the elements of its claim.

We construe appellant's issues to assert the evidence was legally insufficient to support summary judgment. In its live petition at the time of summary judgment, appellee specifically stated that all conditions precedent had occurred or been performed. Appellant filed a general denial answer, not specifically denying that any condition precedent had not been performed. On this record, appellee was not required to prove any conditions precedent to recover in this case.

---

[3]The antecedents of *Gold's Gym* show the meaning of the second element. In *Barclay v. Waxahachie Bank & Trust Co.*, the Waco court stated the second element of the test was "the performance of the terms of the contract by the plaintiff." *Barclay v. Waxahachie Bank & Trust Co.*, 568 S.W.2d 721, 723 (Tex. Civ. App.—Waco 1978, no writ).

*See* TEX. R. CIV. P. 54 ("When such performances or occurrences [of conditions precedent] have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party."). However, "establishing that conditions precedent have been met, does not relieve [appellee] of the burden of proving the other elements of [its] claim." *See Shaw v. Mid-Continent Cas. Co.*, No. 05-10-00642-CV, 2011 WL 2120522, at *4 (Tex. App.—Dallas 2011, no pet.); *see also Broesche v. Jacobson*, 218 S.W.3d 267, 273 n.4 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) ("Although proof of performance of any conditions precedent is an essential element of a plaintiff's case, such proof does not relieve the plaintiff of the burden of proving the other elements of the claim.").

Appellee's summary judgment proof in this case[4] is comprised in part of the affidavit of Dean Castelhano, appellee's vice president whose duties included servicing and collecting the debt owed by appellant and her co-defendants, and who testified as to the loan agreement between Santa Barbara Realty and appellee, the deed of trust note executed by Santa Barbara Realty in favor of appellee, the guaranty agreement executed by Ron W. Mills in favor of appellee, the guaranty agreement executed by appellant in favor of appellee, and correspondence sent on behalf of appellee to appellant and her co-defendants. Also, offered as evidence was the affidavit of David M. O'Dens, appellee's counsel, who testified as to attorneys' fees.

The judgment against appellant is for $2,852,778.08 "with interest continuing to accrue at the rate of $885.25 per day from March 23, 2012, until the date of final judgment in this case," plus post-judgment interest and attorneys' fees. Appellee's vice president, Dean Castelhano stated in an affidavit in support of appellee's motion for summary judgment that "the principal balance [under the Note], plus accrued interest and charges through March 22, 2012" was

---

[4] Though appellant objected to appellee's summary judgment evidence in the trial court, she does not re-urge this issue in her brief to this court.

$3,374,396.11 "with interest continuing to accrue at the rate of $1,455.88 per day from an including March 23, 2012, until the date judgment is entered." However, the terms of the guaranty limit appellant's liability to the principal amount of $1.8 million. Appellee has not shown us, nor can we find, any evidence in the record supporting a judgment against appellant on the guaranty for the sum identified by Castelhano in his affidavit or the sum stated in the judgment of $2,852,778.09 "with interest continuing to accrue at the rate of $885.25 per day from March 23, 2012, until the date of final judgment in this case." Appellee does not contest that there is an "error in the amount awarded," but asserts "this [c]ourt can modify the trial court's judgment to correct any error in the amount of the judgment and affirm the judgment as modified" because, pursuant to Rule of Civil Procedure 46.5, appellee "voluntarily agrees to remit the judgment against [appellant] to the principal amount" of $1.8 million. *See* TEX. R. CIV. P. 46.5. We cannot agree with appellee. Rule 46.5 only allows voluntary remittitur after a court of appeals has reversed the trial court's judgment because of a legal error affecting only part of the damages awarded. *See id.*

In addition to the absence of evidence to support the amount of the principal awarded in the judgment against appellant, there remain other issues of material fact to be addressed, including the calculation of interest and attorneys' fees. *See Basic Capital Mgmt., Inc. v. Dynex Commercial, Inc.*, 402 S.W.3d 257, 272 (Tex. App.—Dallas 2013, pet. filed) ("[I]n light of the change in the amount of damages awarded, the trial court must recalculate the amount of prejudgment interest"); *Argyle Mech., Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 688 (Tex. App.—Dallas 2005, no pet.) (reaching same conclusion as to attorneys' fees).

Consequently, on remand, the trial court should consider the proof necessary to render judgment on the guaranty and as to attorneys' fees.

# IV. CONCLUSION

We reverse the trial court's order granting summary judgment and remand the case to the trial court for further proceedings consistent with this opinion.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

130707F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BARBARA W. MILLS, Appellant

No. 05-13-00707-CV        V.

GRAHAM MORTGAGE CORPORATION,
Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-02060.
Opinion delivered by Justice Lang.   Justices
Myers and Brown participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED**, and this case is **REMANDED** to the trial court for further proceedings consistent with this opinion.

     It is **ORDERED** that appellant Barbara W. Mills recover her costs of this appeal from appellee Graham Mortgage Corporation.

Judgment entered this 24th day of June, 2014.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE